United States District Court
Southern District of Texas
**ENTERED**
February 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMARA ALLEN, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-03406 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| EQUIFAX | § | |
| INFORMATION | § | |
| SERVICES LLC, *et al*, | § | |
| Defendants. | § | |

## OPINION AND ORDER
## ON TRANSFER OF VENUE

Plaintiff Tamara Allen sued Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc, and USAA Federal Savings Bank for willful violation of the Fair Credit Reporting Act. Dkt 1. As to USAA, she alleges that it violated the FCRA by verifying false information on her credit reports in response to inquiries from Experian and Equifax. Id at ¶¶ 103–105, 114–115.

Pending is a motion by USAA to dismiss for improper venue. Dkt 22. It asserts that the facts pleaded don't establish venue in Houston under §1391(b) of Title 28 to the United States Code. Allen opposed the motion, and it was taken under advisement after hearing. See Dkt 33. Allen has since filed a notice to advise that she consents to transfer of this action to the Western District of Texas, San Antonio Division, should it be determined that that venue is proper there. See Dkt 40.

The parties appear to agree that venue in the Southern District of Texas isn't proper under §1391(b)(1) because not

all Defendants are residents of Texas. The dispute is instead whether §1391(b)(2) pertains with its requirement that "a substantial part of the events or omissions giving rise to the claim occurred" here.

The Fifth Circuit hasn't yet addressed whether it is actions of the *lender* or of the *plaintiff* that give rise to an FCRA claim for the purposes of determining proper venue. Some courts have held that venue is proper under the FCRA where the plaintiff suffers harm. For example, see *Smith v Real Page, Inc,* 2018 WL 3105758, *4 (ED Tex), citing *Myers v Bennett Law Offices,* 238 F3d 1068, 1076 (9th Cir 2001). Far more persuasive is reasoning to the contrary that the actions of the lender are what give rise to an FCRA claim for venue purposes. For example, see *Heugel v TransUnion, LLC,* 2023 WL 3098994, *3–*4 (WD Tex).

In *Heugel,* the plaintiff filed suit in her home venue of the Western District of Texas against a lender who was a resident of the Eastern District of Texas, alleging that the lender misrepresented plaintiff's information to a credit reporting agency. Id at *1. The court granted the motion by the lender to dismiss for improper venue, holding that the lender's alleged failure to investigate and furnish accurate information to the credit reporting agency is what gives rise to the FCRA claim. Id at *3. Specifically rejected was argument by the plaintiff that the harms she sustained (being stress due to misrepresentations in her credit report) and her own actions (being her review of her credit history and filing disputes) were what gave rise to her claims. Ibid.

So, too, here. As with the lender in *Heugel*, USAA received the inquiries from Experian and Equifax at USAA's headquarters in San Antonio. It conducted the investigation in San Antonio and verified the charges there. Dkt 26 at 3. Allen points to communications she received from USAA at her home in Spring, Texas. Dkts 1 at ¶ 9 & 23 at 2, 8–9. These included calls to inform her of potentially fraudulent transactions and the employing of the collection agency that sent notices to Plaintiff's

address. Dkt 23 at 8–9. But those contacts occurred *before* her dispute with the credit agencies and aren't related to the FCRA claim that Plaintiff asserts here. Id at 4. And even if they did form part of her claim, they don't give rise to it. See *Heugel*, 2023 WL 3098994 at *3. The complaint instead alleges that USAA "chose to verify" and "misrepresented" information to Equifax and Experian. Dkt 1 at ¶¶ 103–05, 115–16. Those actions occurred, if anywhere, at USAA headquarters in San Antonio.

The substantial part of pertinent events or omissions giving rise to the FCRA claim occurred at the USAA headquarters in the Western District of Texas, not at Plaintiff's residence in the Southern District of Texas. Dismissal for improper venue is appropriate. But given Allen's consent stated upon the potential for such conclusion, this action will instead be transferred there. See Dkt 40.

\* \* \*

The motion by Defendant USAA Federal Savings Bank to dismiss due to improper venue is DENIED. Dkt 22.

This action will be transferred by separate order to the Western District of Texas, San Antonio Division, upon prior consent of Plaintiff Tamara Allen.

SO ORDERED.

Signed on February 15, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge